

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATE OF AMERICA** | **CRIMINAL** |
| **VERSUS** | **NO. 93-55** |
| **MICHAEL NELSON** | **SECTION "J"** |

## TRANSFER ORDER

Defendant, MICHAEL NELSON, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 1995 conviction and sentence. To support his challenge, defendant asserts the following grounds for relief:

1) He is entitled to relief from the judgment in his 1999 habeas corpus proceeding because the federal sentence was improperly enhanced due to underlying state court convictions;

2) He is entitled to relief from the judgment in his 1997 habeas corpus proceeding because he has shown that the government knowingly used false testimony at his trial to obtain a conviction;

3) He is entitled to bring the instant motion to vacate due to the invalidation of two state court convictions which were used to enhance his federal sentence, his discovery of new facts, and the ruling in <u>Custis v. United States</u>, 114 S.Ct. 1732 (1994).

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No ____
```

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same conviction and sentence. In that motion, filed in 1997, defendant raised the following grounds for relief:

1) Ineffective assistance of counsel;

2) Imposition of an illegal sentence; and

3) Government misconduct.

That motion was dismissed with prejudice on the merits by Judgment entered July 24, 1997. Defendant's appeal of that judgment was dismissed as untimely on February 4, 1998 (Rec. Doc. 195).[1]

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

---

[1] Since 1997, Nelson has filed numerous motions, which this Court has transferred to the Fifth Circuit Court of Appeals as successive. Recently, the Fifth Circuit sanctioned Nelson for his repetitious and frivolous requests to file successive 28 U.S.C. §2255 motions. See In Re Nelson, No. 05-30574 (5th Cir. 2005). With the instant motion, Nelson submitted proof that he had satisfied the $100.00 sanction.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this 7th day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE